# UNITED STATES COAST GUARD COURT OF CRIMINAL APPEALS
## Washington, D.C.

## UNITED STATES

### v.

## Michael D. SALERNO
### Seaman Apprentice (E-2), U.S. Coast Guard

## CGCMS 24222

## Docket No. 1163

## 9 May 2002

Special Court-Martial convened by Commanding Officer, Coast Guard Training Center Yorktown. Tried at Norfolk, Virginia, on 22 August 2001.

| | |
|---|---|
| Military Judge: | CDR John C. Odell, USCG |
| Trial Counsel: | LCDR Larry R. Kennedy, USCG |
| Detailed Defense Counsel: | LT Ronald S. Horn, USCG |
| Appellate Defense Counsel: | CDR Jeffrey C. Good, USCG |
| Appellate Government Counsel: | LT Daniel J. Goettle, USCG |

**BEFORE**
**PANEL EIGHT**
**BAUM, PALMER & CAHILL**
Appellate Military Judges

Per curiam:

Appellant was tried by special court-martial, military judge alone. Pursuant to his pleas of guilty, entered in accordance with a pretrial agreement, he was found guilty of the following offenses: one specification of fraudulent enlistment; four specifications of wrongful use and one specification of distribution of 3, 4-methylenedioxymethamphetamine (MDMA), commonly known as "Ecstasy"; one specification of wrongful use of lysergic acid diethylamide (LSD); and two specifications of wrongfully communicating a threat; in violation of Articles 83, 112a, and 134 of the Uniform Code of Military Justice (UCMJ), respectively.

Appellant was sentenced to a bad conduct discharge, confinement for 110 days, and reduction to paygrade E-1. The Convening Authority approved the adjudged sentence and suspended confinement in excess of 105 days for a period of 12 months. That action was within the terms of the pretrial agreement. Before this Court, without admitting that the findings and sentence are correct in law and fact, Appellant has submitted this case on its merits as to any and all errors.

We have reviewed the record in accordance with Article 66, UCMJ.  Upon such review, we have determined that the findings and sentence are correct in law and fact, and on the basis of the entire record should be approved.  Accordingly, the findings and sentence, as approved below, are affirmed.

For the Court,



Kevin G. Ansley